In re LYMAN, State Commissioner of Excise.

(Supreme Court, Appellate Division, First Department.   June 7, 1901.)

1. LIQUOR TAX CERTIFICATES—REVOCATION—VIOLATION OF LIQUOR LAW—EVI-
DENCE.
    Where several persons testified that they went into appellant's bar-
    room at an unlawful hour, and there purchased and paid for intoxicants,
    which they consumed on the premises, all of such acts being violative
    of the liquor law, and defendant, with his barkeepers and waiters, tes-
    tified that the saloon was not open at the time specified, the question
    was one of fact for the decision of the referee, and a revocation of ap-
    pellant's license on such testimony would not be disturbed.
2. SAME—PUBLIC OFFICERS—WITNESSES—COMPETENCY.
    The fact that deputy superintendents of elections were public officers
    does not make them incompetent witnesses in proceedings to revoke a
    liquor license for selling liquor at prohibited times.

Appeal from special term, New York county.

Petition by Henry H. Lyman, as state commissioner of excise, to revoke and cancel a liquor tax certificate issued to one Timothy Crowley. From an order revoking and canceling the certificate, Timothy Crowley appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRA-HAM, and LAUGHLIN, JJ.

Alfred R. Page, for appellant.
S. B. Mead, for respondent.

INGRAHAM, J.   The state commissioner of excise presented to the supreme court a petition asking that a liquor tax certificate issued to one Timothy Crowley be revoked and canceled. Crowley appeared, and interposed an answer to the petition, in which he denied a violation of the liquor tax law, and upon that answer an order of reference was entered to take proof of the facts stated in the petition. The referee reported the same to the court, and the court thereupon revoked and canceled said tax certificate upon the ground that on the 3d of October, 1900, during the hours when the sale of liquor is prohibited by law, the said Crowley did have, keep, and maintain in the windows and doors of his premises, screens, blinds, curtains, articles, and things which prevented a view from the street of the bar and room on said premises where liquor was sold and kept for sale, and at said time did permit the doors of said premises to be opened and unlocked, and did admit thereto persons other than members of his family, or his servants, and did sell to said persons and to divers other persons, at said time, liquor, contrary to the statute in such case made and provided. It is not disputed but that these acts

were in violation of the liquor law, and, if there is evidence to sustain this finding, the court was justified in revoking such liquor tax certificate. There was testimony of several persons, who were deputy superintendents of elections, that they went into the appellant's barroom on the night of October 3, 1900, between 1 and 2 o'clock in the morning, and there purchased and paid for whisky and beer, which they consumed upon the premises. No reason appears for doubting their testimony, and it was sufficient to sustain the finding of the court below that the appellant had violated the liquor tax law. The fact that they were public officers does not make them incompetent witnesses. The appellant testified that the description of the saloon as given by these witnesses was that of the saloon next door to his, and that his saloon was closed at 1 o'clock every night; that he never kept open after 1 o'clock; and he was corroborated by his barkeeper and waiters. This presented a question of fact, but we do not think it sufficient to overcome the evidence produced on the part of the petitioner. There was evidence received by the referee as to violation of the liquor tax law on a subsequent occasion, which it is claimed was incompetent. It appears from the opinion of the court at special term that this evidence was only considered upon the question of the credibility of the appellant's witnesses, and we have not considered it for any purpose in the determination of this appeal, and without that evidence we agree with the court below that a violation was proved.

The order appealed from should therefore be affirmed, with costs and disbursements. All concur.